**Curtis COWAN,**
**Appellant–Cross–Appellee,**

v.

**The PRUDENTIAL INSURANCE CO.**
**OF AMERICA,**
**Appellee–Cross–Appellant.**

**Nos. 939, 1051, Dockets**
**87–7881, 87–7939.**

United States Court of Appeals,
Second Circuit.

Argued May 4, 1988.

Decided July 22, 1988.

Joseph D. Garrison, Garrison, Kahn, Silbert & Arteron, New Haven, Conn., for appellant-cross-appellee.

Wayne A. Schroder, Gibson, Dunn & Crutcher, Washington, D.C., for appellee-cross-appellant.

Before OAKES, KEARSE and PIERCE, Circuit Judges.

OAKES, Circuit Judge:

Curtis Cowan appeals the damage award he received in his successful Title VII and section 1981 action in the United States District Court for the District of Connecticut, Ralph K. Winter, Circuit Judge, sitting by designation. *Cowan v. Prudential Ins. Co. of America,* No. B 81-511 (D.Conn. Sept. 21, 1987). Cowan claims that the district court was in error in not awarding back pay and in considering impermissible factors in calculating compensatory damages. The Prudential Insurance Co. of America ("Prudential") cross-appeals, claiming that the district court's finding of liability was contrary to the evidence and based upon a theory of discrimination expressly rejected by the plaintiff. Because we find no error in either the computation of damages or in the finding of liability, we affirm.

Cowan, who is black, worked as an insurance agent for Prudential in its Stamford, Connecticut, district between 1975 and 1980. During that time the Stamford district promoted four white agents to the position of sales manager, overlooking Cowan despite his active solicitation of promotion and his superior job performance. After Cowan was passed over, his job performance declined, and on January 3, 1980, he resigned.

After a bench trial Judge Winter issued his opinion in two parts, the first addressing only the liability issues and the second, damages. In the first, Judge Winter applied the test articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and found that Cowan had made out a prima facie case of racial discrimination for failure to promote, and that Prudential failed to make a persuasive rebuttal case. The opinion added that Cowan had not proven his constructive discharge claim, in that Cowan's resignation was voluntary.

In his opinion on damages, Judge Winter noted that an award of back pay was appropriate, but that Cowan should have earned as much in his sales agent position as he would have had he been promoted. He did award $15,000 in compensatory damages under 42 U.S.C. § 1981.

 Our review of the district court's ruling on damages uses two different standards. In considering the ruling on back pay, which is here an essentially factual determination, we use a "clearly erroneous" standard of review. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424-25, 95 S.Ct. 2362, 2374-75, 45 L.Ed.2d 280 (1975). In considering the award of compensatory damages, we take

a more deferential view, because that award involves not only determinations of fact but also the consideration of subjective and intangible factors properly left to the sound discretion of the factfinder, here the court. *See Hunter v. Allis–Chalmers Corp.*, 797 F.2d 1417, 1424–25 (7th Cir. 1986).

## Back Pay

■ Under the dictates of Title VII, Cowan is presumptively entitled to back pay for wages denied him as a result of Prudential's discriminatory promotion practices. *See Cohen v. West Haven Bd. of Police Comm'rs*, 638 F.2d 496, 502 (2d Cir.1980). While back pay is an equitable remedy within the district court's discretion, "that discretion is to be exercised with a view to ' "fashion[ing] ... the most complete relief possible." ' " *Id.* at 504 (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. at 421, 95 S.Ct. at 2373 (quoting 118 Cong.Rec. 7168 (1972) (remarks of Sen. Williams))); *Association Against Discrimination in Employment v. City of Bridgeport*, 647 F.2d 256, 288 (2d Cir.1981), *cert. denied*, 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982).

> [G]iven a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy, and making persons whole for injuries suffered through past discrimination. The courts of appeals must maintain a consistent and principled application of the backpay provision, consonant with the twin statutory objectives, while at the same time recognizing that the trial court will often have the keener appreciation of those facts and circumstances peculiar to particular cases.

*Albemarle Paper Co. v. Moody*, 422 U.S. at 421–22, 95 S.Ct. at 2373–74, *quoted in Association Against Discrimination*, 647 F.2d at 288. However, Title VII expressly provides that "[i]nterim earnings or amounts earnable with reasonable diligence by the person ... discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e–5(g) (1982). Therefore an award of back pay must take into account amounts which Cowan earned or could have earned with reasonable effort.

Here, the district court in essence determined that although an award of back pay was appropriate, the amount of that award was $0, because Cowan would have earned *less* during the fifty-eight-week liability period (from the time he was passed over for promotion until he resigned) as a sales manager than he would have earned, in the exercise of reasonable diligence, as a sales agent. The court reached this conclusion by comparing the income which Prudential guarantees sales managers with the amount that Cowan earned while diligently working as a sales agent during the same period. Although Cowan *might* have earned more as a sales manager during the liability period, it was hardly error for the district court to refuse to engage in speculation. Rather, Judge Winter's calculations have substantial support in the record and will not be disturbed on appeal.

## Compensatory Damages

■ The district court did award Cowan $15,000 in compensatory damages on his section 1981 claim. Section 1981 provides that "[a]ll persons ... shall have the same right in every State and Territory to make and enforce contracts, ... as is enjoyed by white citizens," 42 U.S.C. § 1981 (1982), and has been interpreted to forbid racial discrimination in private employment. *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). Cowan claims that the district court considered a number of impermissible factors in determining damages and that an award of $50,000 to $150,000 was warranted.

At the hearing on damages, Cowan testified that Prudential's failure to promote him caused him severe emotional distress, humiliation, and loss of self-esteem. As a result, his home life suffered, he began having serious disagreements with his wife, and he began drinking heavily. His testimony was corroborated by testimony

from his wife and from co-workers. In reaching an award, Judge Winter considered the fact that Cowan had not been subjected to overt racism or public humiliation, that the upper management of Prudential was not aware that race played a role in the failure to promote Cowan and had offered Cowan three other, though less attractive, sales manager positions in other parts of New England, that Cowan himself was the cause of some of the humiliation he suffered and some of the difficulties he had with co-workers (in that he told clients that he would be promoted and that he criticized co-workers in a newspaper article), and that Cowan had not sought counseling.

Appellant does not challenge the factual bases for these findings, but rather argues that the district court considered factors not in keeping with the remedial purposes of section 1981 and Title VII. But each of the factors was directly relevant to whether and to what extent Prudential caused Cowan's emotional distress. Appellant characterizes Judge Winter's findings as if he deducted amounts from a larger figure in order to reach $15,000. Rather, Judge Winter distinguished the injuries he believed to be caused by the discrimination from those caused by other factors. Given the unquantifiable nature of the injuries, and the substantial deference we afford to the court in awarding damages, we will not substitute our views for those of the trial court.

### Cross–Appeal

■ Prudential's claim that the district court decided the issue of liability on a theory of the case which was not advanced by either party is without merit. The court followed the test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), in finding that Cowan had made out a prima facie case of discrimination under Title VII, noting that Cowan had proven that he was a member of a racial minority, that he sought and was qualified for a promotion which Prudential intended to make, that he was rejected, despite his qualifications, and that a non-minority em-

ployee was offered the position. *See also Watson v. Fort Worth Bank & Trust*, —— U.S. ——, ——, 108 S.Ct. 2777, 2783–2786, 101 L.Ed.2d 827 (1988). Judge Winter then held that Cowan had satisfied his burden of proof because Prudential's "proffered explanation [of why Cowan was not promoted] is unworthy of credence," *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed. 2d 207 (1981), and therefore pretextual. This holding was based largely on the testimony of Edward Amatrudo, the Stamford district manager, whose recommendations controlled the promotions in issue. Judge Winter did not credit Amatrudo's explanations as to why Cowan was denied the promotions, finding that his testimony was often inconsistent with earlier affidavits and deposition testimony and often evasive or internally inconsistent at trial. He cited numerous examples of such inconsistencies in his opinion and stressed the particular instance where Amatrudo testified that he did not even consider Cowan for the promotions. These factual findings are clearly supported on the record and are in no way "clearly erroneous." *See* Fed.R.Civ.P. 52; *Pullman–Standard v. Swint*, 456 U.S. 273, 290, 102 S.Ct. 1781, 1791, 72 L.Ed.2d 66 (1982).

Prudential argues that Cowan's claim is that he was considered for promotion but was passed over in favor or other candidates on the basis of race. The district court, the argument runs, unfairly based its decision on a theory that Cowan did not advance, namely, that he was not considered for promotion. But Prudential's argument seeks to transform a finding of fact into a theory of liability. Amatrudo's failure properly to consider Cowan for promotion, based on both his testimony and on other evidence, was undoubtedly damaging to Prudential's defense. Quite simply, it undermined Prudential's effort to satisfy its burden of rebutting the plaintiff's prima facie case by showing that it did not treat Cowan "less favorably than others because of [his] race." *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52

L.Ed.2d 396 (1977). Whether Prudential considered Cowan for promotion is an issue of fact, not of legal theory, and as the district court's finding is amply supported, it will not be disturbed.

Judgment affirmed.